# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| BRENDA TAITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   2:10-cv-2333-PWG |
| | ) |
| ERIC K. SHINSEKI, SECRETARY | ) |
| DEPARTMENT OF VETERAN | ) |
| AFFAIRS, | ) |
| | ) |
| Defendant. | ) |

## MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

In this action, plaintiff Brenda Taite, *pro se*, brings claims alleging employment discrimination based upon race, age, and retaliation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq.; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 629 et seq.  (*See* Doc.[1] 1, Complaint ("Complaint" or "Compl.").  The lone defendant is Eric K. Shinseki (hereinafter the "Secretary"), named in his capacity as the Secretary of the Department of Veterans Affairs (the "VA").  No responsive pleading has been filed.  The action is before the undersigned magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b); the General Orders of Reference dated July 25, 1996 and May 8, 1998, as amended July 27, 2000; and Rule 72, Fed. R. Civ. P.  It is now before the court on the plaintiff's motion for leave to proceed *in forma pauperis* ("IFP").  (Doc. 2).  The undersigned, raising the issue

---

[1] References herein to "Doc. __" are to the docket numbers assigned by the Clerk of the Court to the pleadings filed in this matter.

*sua sponte*, concludes that venue is lacking and that the action is due to be transferred to the United States District Court for the District of Vermont for all further proceedings.

**I.     BACKGROUND**

Plaintiff, an African-American female, resides in Monroeville, Alabama. In early 2009, she applied for two positions at the Veterans Administration Medical Center in White River Junction, Vermont. The plaintiff had been previously employed at the facility. In April, 2009, the plaintiff, then age 45, interviewed apparently in Vermont for the two open positions, but she was not hired. The VA, she alleges, selected a white male under age 30 for one position and a white female under age 30 for the other. She claims that the VA's failure to hire her for these positions constituted discrimination because of race in violation of Title VII and discrimination because of age in violation of the ADEA, and unlawful retaliation in violation of the same statutes. She alleges that she was subjected to retaliation because, while working for the VA at the White River Junction facility in or about October, 2006, she had opposed race and age discrimination, had complained about an assault and battery committed by a co-worker, and she had filed a lawsuit for employment discrimination and retaliation.

**II.    DISCUSSION**

    **A.    Venue, Dismissal, and Transfer Generally**

Unlike issues of subject matter jurisdiction, which go to a court's power to adjudicate particular categories of cases, and of personal jurisdiction, which primarily concern the extent of a court's power over the parties and the fairness of requiring a party to defend itself in a foreign forum, venue limitations primarily address the convenience of the forum. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006); *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979); *Delong*

*Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 857 (11th Cir. 1998). Thus, an action filed in an improper or inconvenient venue is subject to dismissal or transfer, *see* Rule 12(b)(3), Fed. R. Civ. P.; 28 U.S.C. §§ 1404, 1406, but if not timely raised, venue objections are deemed waived. *Wachovia Bank*, 546 U.S. at 316.

The Eleventh Circuit has held that a district court may dismiss an action *sua sponte* for lack of venue provided that the issue has not been waived and the court gives notice of the intent to dismiss and affords the parties an opportunity to be heard on the issue prior to dismissal. *Algodonera De Las Cabezas, S.A. v. American Suisse Capital, Inc.*, 432 F.3d 1343, 1345 (11th Cir. 2005); *Lipofsky v. New York State Workers Comp. Bd.*, 861 F.2d 1257, 1259 (11th Cir. 1988). Under 28 U.S.C. § 1406(a), where a case is brought in the wrong district, a court may either dismiss it, or, if it is "in the interest of justice," the court may instead transfer the action to the district where it could have been brought. Thus, where venue is lacking, a court may likewise transfer the action on its own motion under § 1406(a). *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (cited with approval in *Lipofsky*); *Berry v. Salter*, 179 F. Supp. 2d 1345, 1350 (M.D. Ala. 2001); *Mason v. Watkins*, 2010 WL 3367690, *1 (M.D. Fla. May 19, 2010) (unpublished).

**B.   Venue under 28 U.S.C. § 1391(e)**

In filing her action in this court, the plaintiff asserts that venue is proper in the Northern District of Alabama pursuant to 28 U.S.C. § 1391(e)(3). (Compl. ¶ 5). Under § 1391(e),

> [a] civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e); *see also Stafford v. Briggs*, 444 U.S. 527 (1980). To the extent that the plaintiff brings age discrimination employment claims under the ADEA, she is entitled to rely on § 1391(e) to establish venue. *See Rebar v. Marsh*, 959 F.2d 216, 219 (11th Cir. 1992).

However, 28 U.S.C. § 1391(e)(3) plainly does not confer venue in the Northern District of Alabama because the plaintiff's residence is in Monroeville, Alabama, within Monroe County, which lies in the *Southern* District of Alabama. *See* 28 U.S.C. § 81(c)(2). The complaint also clearly establishes that none of the events or omissions giving rise to the claims occurred in the Northern District of Alabama. Nor does the Secretary of the VA "reside" here for purposes of § 1391(a)(1). *See Lamont v. Haig*, 590 F.2d 1124, 1128 n.19 (D.C. Cir. 1978) ("What controls is the official residence of the federal defendant where the official duties are performed and not the personal residence of an individual who is a defendant."); 14D C.A. Wright, A.R. Miller, & E.H. Cooper, *Fed. Prac. & Proc. Juris.* § 3815 (3d ed.). Accordingly, venue is not proper in this court under the general venue statute.

    **C.**    **Venue for the Title VII Claims**

In addition to her age claims under the ADEA, the plaintiff has also asserted race discrimination and retaliation claims pursuant to Title VII, which has its own venue statute. Although not cited by the plaintiff to establish proper venue in this court, 42 U.S.C. § 2000e-5(f)(3) provides in relevant part that an

> action brought under [Title VII] ... may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice ... .

42 U.S.C. § 2000e-5(f)(3); *see also generally Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 654-55 (11th Cir. 1993); *Richardson v. Alabama State Bd. of Educ.*, 935 F.2d 1240, 1248 (11th Cir. 1991) (both discussing Title VII's venue statute). In light of the allegations of the complaint, however, the unlawful employment practice is alleged to have been committed in Vermont, not Alabama. There is no indication that relevant employment records are maintained or administered in the Northern District of Alabama. Finally, assuming the facts of the complaint to be true, the plaintiff would have worked in the District of Vermont but for the alleged unlawful practice. Accordingly, venue for the Title VII claims is not proper in the Northern District of Alabama under 42 U.S.C. § 2000e-5(f)(3). *See Pinson v. Rumsfeld*, 192 Fed. Appx. 811, 817 (11th Cir. 2006) (unpublished).

### D. Dismissal or Transfer

As venue is not proper in this court the issue becomes whether to dismiss this action without prejudice or to transfer it under 28 U.S.C. § 1406. At the outset, the claims as alleged in the complaint are not frivolous. It is also not apparent from the face of the complaint, that the claims are subject to an obvious affirmative defense, although the complaint does not reveal whether or when the plaintiff attempted to pursue administrative remedies. Further, given the relatively short deadlines for bringing suit under Title VII and the ADEA, there is at least a material possibility that a dismissal, even without prejudice, would create a risk that the plaintiff's claims would be subject to a limitations period defense if they were re-filed in a different venue. *See Pritchett v. Paschall Truck Lines, Inc.*, ___ F. Supp. 2d ___, ___, 2010 WL 21563103, *4 (M.D. Ala. May 28, 2010); *Butts v. Dress Barn, Inc.*, 2009 WL 5068783,*3 (M.D. Ala. December 17, 2009); *Minette v. Time Warner*, 997 F.2d 1023, 1026-27 (2d Cir. 1993). Such circumstances render a transfer in the interests

of justice. *See Pritchett*; *Butts*, *supra*; *Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 430 & n.7 (1965).

The final question is to which district court should the action be transferred? The only venue that appears to be *undoubtedly* lawful for *all* of the plaintiff's claims, brought under Title VII and the ADEA, is the District of Vermont. That appears to be where the allegedly unlawful employment practice was committed, where all significant events occurred and decisions were made, and where the plaintiff would have worked. It also would seem to be where any relevant employment records would be maintained and administered. The only other choice worth considering at this time seems to be the Southern District of Alabama. As the district of the plaintiff's residence, it is a proper venue for the ADEA claims under 28 U.S.C. § 1391(e), *see Rebar,* 959 F.2d at 219. However, the Southern District of Alabama is not a venue authorized by 42 U.S.C. § 2000e-5(f)(3) for the Title VII claims. A reasonable argument can be made that the Southern District of Alabama could exercise "pendent venue" over the Title VII claims because they arise out of the same operative facts as the ADEA claims and would appear to be equally substantial. *See* 14D C.A. Wright, A.R. Miller, & E.H. Cooper, *Fed. Prac. & Proc. Juris.* § 3808 (3d ed.); *Beattie v. United States*, 756 F.2d 91 (D.C. Cir. 1984), *overruled on other grounds, Smith v. United States*, 507 U.S. 197 (1993); *In re Pan Am Corp.*, 177 B.R. 1014, 1017 n.3 (Bankr. S.D. Fla. 1995). There is some doubt as to whether such a theory is recognized in this circuit, at least as it pertains to venue for Title VII claims. Most notably, the Eleventh Circuit stated in *Pinson*, albeit in a non-binding unpublished disposition, that 42 U.S.C. § 2000e-5(f)(3) establishes the "exclusive venues" for Title VII claims, such that the proper venue for other joined claims was "irrelevant" to the question of venue for the plaintiff's Title VII claims. *Pinson*, 192 Fed. Appx. at 817; *see also Jones v. Bales*, 58 F.R.D. 453, 458 (N.D. Ga.

1972) ("Where several overt acts appear in the complaint, venue must be proper as to each cause of action."), *aff'd*, 480 F.2d 805 (5th Cir. 1973); *Tucker v. United States Dep't of Army*, 42 F.3d 641 (table), 1994 WL 708661, *2 (5th Cir. 1994) (unpublished); *Dehaemers v. Wynne*, 522 F. Supp. 2d 240, 249 (D.D.C. 2007) ("[W]hen a plaintiff brings a Title VII action, which is covered by Title VII's restrictive venue provision, as well as an action governed by the general venue provision, the narrower provision of § 2000e-5(f)(3) controls.").

The magistrate judge RECOMMENDS that this action be transferred to the District of Vermont, the only venue clearly authorized for all claims. From the complaint it would seem that all witnesses (aside from the plaintiff), employment records, and other documentary evidence are likely to be found in Vermont making it the most convenient forum overall as well. While Vermont is distant from the plaintiff's residence, the inconvenience is only a by-product of her pursuit of employment in Vermont.

**III.   CONCLUSION**

Based on the foregoing, the magistrate judge RECOMMENDS that this action be **TRANSFERRED** to the United States District Court for the District of Vermont, pursuant to 28 U.S.C. § 1406(a), for all further proceedings.[2]

Any party may file specific written objections to this report within fifteen (15) days of the date it is filed in the office of the Clerk. *See* Rule 72(b)(2), Fed. R. Civ. P.; 28 U.S.C. § 636(b). Any objections filed must specifically identify the findings in the magistrate judge's recommendation to which the objections pertain. Frivolous, conclusive, or general objections will not be considered by

---

[2]   The undersigned recommends that it is appropriate to allow the transferee court to rule on the plaintiff's pending IFP application.

the District Court.  Failure to file written objections to the proposed findings and recommendations of the magistrate judge's report shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  A copy of the objections must be served upon all other parties to the action.

    As to the foregoing it is SO ORDERED this the 28th day of September, 2010.

                                          PAUL W. GREENE
                                          CHIEF MAGISTRATE JUDGE